Jones, J.
The contention of the plaintiff in error is that, in view of the stipulations in its several policies limiting its liability in case of concurrent insurance, its liability is fixed thereby, and that, under ■ such condition, such liability, “where the whole loss upon an item of property is less than the total amount of insurance upon such item, is limited to such proportion of the whole loss upon that item as the amount insured by that company bears to the total insurance covering that item of property, and that under this condition of the policy the liability of each insurance company is several and not joint.”
It has generally been held by the courts of this country that, in the absence of a statute affecting the limitation of liability upon the part of the insurer, a stipulation of the character contained in this policy may serve to fix and limit a ratable liability measured by the proportion of its insurance to the aggregate insurance. In such cases the *408 courts have generally held that such a provision, in case of other concurrent insurance, made the liability several and not joint, and that a recovery cannot be had for more than the pro rata amount stipulated for and fixed by the parties in their insurance contract.
This principle was announced by our own court, before the passage of our valued-policy law, in the case of Good v. Buckeye Mutual Fire Ins. Co., 43 Ohio St., 394, where, under a similar provision, it was held that the liability of the defendant was several and not joint, and that in ascertaining the defendant’s proportionate share of the entire loss, reference should be had to the aggregate insurance without regard to the fact that some of the companies had settled for a less sum than they were liable for, or whether they were insolvent or otherwise. The principle so announced would still obtain if not affected by a statute controlling the stipulation contained in the policy. In so far as the parties have attempted to employ this provision in fixing the liability in case of loss to buildings and structures in this state, they are confronted by our present valued-policy law, which denies them this right. What is known as the valued-policy law is now contained in Sections 9583 and 9584, General Code. These sections provide that any one insuring any building or structure against loss or damage by fire shall cause such building or structure to be examined by his or its agent, a full description thereof be made, and its insurable value be fixed by him. In the absence of any change increasing the risk without the consent of the insurer or in *409 tentional fraud on the part of the insured, Section 9583 provides:
“In case of total loss, the whole amount mentioned in the policy of renewal upon which the insurer receives a premium, and in case of a partial loss, the full amount thereof, shall be paid.”
Adhering to the rule uniformly adopted in this state that this section becomes a part of every fire-insurance contract, it devitalizes every such contract inconsistent with its provisions. This section requires in all cases of total loss to buildings and structures that the whole amount mentioned in the policy upon which the insurer received a premium shall be paid, and furthermore that in case of partial loss the full amount of such partial loss shall he paid.
The seeming contention of counsel for plaintiff in error is that, in the face of this statute, only a proportion of the partial loss shall be paid. This contention would nullify the plain terms of the statute. It is attempted to enforce this construction by reference to Section 9584, General Code, which provides:
“When there are two or more policies upon the same property, each policy shall contribute to the payment of the whole or the partial loss in proportion to the amount of insurance mentioned in each policy.”
The latter section has been construed in the case of German-American Ins. Co. v. McBee et al., 85 Ohio St., 161, 173, and it is there plainly shown that the inadvertent change of the word “of” to the word “to” in the separation and codification of *410 the act was not intended to alter its apparent meaning and purpose. The original valued-policy act is found in 76 Ohio Laws, 26. The two present sections were in that act combined in one section, separated by a semicolon only, the latter portion thereof providing that in case of concurrent insurance each policy “shall contribute to the payment of the whole of the partial loss in proportion to the amount of insurance mentioned in each policy.”
In insurance law the term “contribution” has a fixed, legal meaning. It is a principle sanctioned in equity, and arises between coinsurers only, permitting one who has paid the whole loss to obtain contribution from other insurers who are also liable therefor. And, as the term relates to insurance, as used in the context, that is its evident meaning. It does not mean, as otherwise claimed, that the “contribution” is made to the plaintiff by each insurer, under that act, for contribution does not equitably arise between the insurer and insured.
In this view, as originally enacted, the meaning of the entire section seems to be clear. That is, in cases where buildings and structures are insured, both the total loss or the partial loss must be paid by the insurer; but in case of partial loss, where there is concurrent insurance on the same property, a contribution shall accrue to the insurer paying the whole of the partial loss, from other concurrent insurers, “in proportion to the amount of insurance mentioned in each policy.”
In the case at bar the facts show that only partial *411 losses were sustained on both real estate and personalty. The first section cited above imposes liability for the payment of the full amount of the partial loss upon the insurer, and the second section gives him the right of contribution against other insurers issuing concurrent insurance. Had the court therefore, in the instant case, before it merely a policy covering the buildings and structures, within the meaning of the valued-policy law, there would have been no error on its part in refusing evidence showing other concurrent insurance as a means of fixing a pro rata liability under the stipulations of the insurance contract, for the reason that in such case such a stipulation would be void. Two of the policies in question, however, covered a stock of goods and fixtures, and to these the valued-policy law did not apply.
An examination of the sections above named will show clearly that the law applied only to policies covering buildings or structures. There are many and vital reasons why the valued-policy law should not apply to personal property which will at once occur to any one. Many of those states which have adopted valued-policy statutes similar to our own have denied the application of the statute to personal property and applied it to realty only. And in so far as the Ohio courts have passed upon the subject, this view has been sustained in the opinions in the following cases: Insurance Co. v. Leslie, 47 Ohio St., 409, 414, and The Germania Fire Ins. Co. v. Werner, 76 Ohio St., 543, 553.
Inasmuch, therefore, as the valued-policy act did not affect insurance contracts relating to property *412 other than buildings and structures within the terms of that statute, it did not attempt to interfere with contractual relations of parties to insurance contracts covering the personal property described in the second and third policies of insurance in this case, and as to them the principle adhered to by the courts of this country, and as announced in the case of Good v. Buckeye Mutual Fire Ins. Co., supra, obtains, which is, that as to those policies the contract is for a several liability and the parties may, as stipulated, agree upon a fixed liability for a proportionate share of the entire loss. While there has been no Ohio case presenting the question here involved, the principle here announced is consistent with the court’s prior adjudications upon this subject. The case of Good v. Buckeye Mutual Fire Ins. Co., supra, was decided upon a policy issued ten months before the passage of the valued-policy law and therefore the rule announced in that case cannot now apply to the insurance on buildings and structures within the meaning of that act. But the case sustains the view that, unaffected by the valued-policy law, the policy condition would be valid and would cover both buildings and personalty. On the other hand, where personalty was involved under a similar policy stipulation,- in the case of Royal Insurance Co. v. Ries, 80 Ohio St., 272, it was held that, although fixed by appraisement, the amount the plaintiff could recover was limited to a proportionate amount of the loss determined; while in the case of German-American Ins. Co. v. McBee et al., supra, where the policy was issued upon structures and buildings within the *413 meaning of the statute, and which also contained a stipulation of liability limitations similar to the present cáse, the plaintiffs recovered a judgment for the full amount of the total loss, evidently under the provisions of the valued-policy act and in the face of such limitations. Had the loss in that case been partial and not total, in view of the provisions of that act that in case of a partial loss the full amount thereof should be paid, a judgment for the full amount of the partial loss would no doubt have been sustained, leaving the equitable right of contribution under that act to be thrashed out between the coinsurers of the property.
In our view of the case, therefore, under the stipulations of the two policies relating to personal property, the court should have admitted evidence showing the amount of concurrent insurance on the same property at the time of the fire, and should have charged that, as to such property, the defendant was liable only for the proportionate share of the loss, as stipulated by the contract, but as to the frame building, covered by the first ■ policy, it was the duty of the court to charge that the defendant was liable for the full amount of the partial loss sustained.
The judgment of the lower courts, for the reasons stated, will therefore be reversed and the cause remanded to the common pleas court for further proceedings according to law.

Judgments reversed.

Johnson, Newman and Matthias, JJ., concur.
Wan am aker, J., dissents.
Nichols, C. J., not participating.